```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

ROCKWELL MINING, LLC, and BLACKHAWK
LAND AND RESOURCES, LLC,

      Plaintiffs and
      Counterdefendants,

v.                                    Civil Action No. 2:20-cv-00487

POCAHONTAS LAND LLC,

      Defendant and
      Counterclaimant.

## MEMORANUDM OPINION AND ORDER

Pending is the plaintiffs' motion for an order directing the defendant to clarify its ownership, filed on December 4, 2020 (ECF No. 22).

### I. Background

In their complaint, the plaintiffs allege that they are Delaware limited liability companies with their principal place of business in Kentucky and that their ultimate incorporated member is incorporated in Delaware with its principal place of business outside the United States.  See ECF No. 1 ¶¶ 1-2.  They further allege that the defendant is a Virginia limited liability company with its principal place of business in Virginia and that no member of the defendant is a

resident of, incorporated in, or has its principal place of business in Delaware or outside the United States. See id. ¶ 3. The plaintiffs assert that this court has subject-matter jurisdiction based on complete diversity of citizenship. See id. ¶ 5 (citing 28 U.S.C. § 1332(a)).

The defendant filed an answer and counterclaim against the plaintiffs. See ECF No. 11. In the portion comprising the answer, the defendant asserts a general denial of the plaintiffs' allegations that it is a Virginia limited liability company with its principal place of business in Virginia and that none of its members is a resident of, incorporated in, or has its principal place of business in Delaware or outside the United States. See id. at 2. In the portion comprising its counterclaim, however, the defendant alleges that it is a Virginia limited liability company with a "registered office address" located in Virginia. Id. at 12. The defendant also asserts that this court has subject-matter jurisdiction over its counterclaims based on complete diversity of citizenship. See id.

On December 4, 2020, the plaintiffs timely filed an answer to the counterclaims as well as the current motion.[1] See

---

[1] The parties stipulated that the plaintiffs would have until December 4, 2020 to respond to the counterclaim. See ECF No.

ECF No. 19; ECF No. 22. In the motion to clarify, the plaintiffs argue that the defendant's answer and counterclaim is ambiguous regarding whether the defendant is a Virginia limited liability company; whether it has its principal place of business in Virginia; and whether any of its members are residents of, incorporated in, or have their principal place of business in Delaware or outside the United States. See ECF No. 21. Based on this ambiguity, the plaintiffs argue that it is uncertain whether complete diversity exists for purposes of subject-matter jurisdiction. See id. Although the plaintiffs note some ambiguity in the defendant's answer and counterclaim regarding whether it is a Virginia limited liability company and whether its principal place of business is in Virginia, they ask only that the court order the defendant "to clarify its ownership so that diversity jurisdiction may be confirmed." Id. at 2.

The defendant did not timely file a response to the motion. See LR Civ P 7.1(a)(7). However, on December 18, 2020, the day such a response was due, the defendant filed its Fed. R. Civ. P. 7.1 disclosure statement.[2] See ECF No. 28. In it, the

---

18; see also LR Civ P 12.1.

[2] The court notes that the defendant's Rule 7.1 disclosure was due on December 4, 2020, when it filed its answer and counterclaim. See Fed. R. Civ. P. 7.1(b)(1).

defendant states that it is a "limited liability company whose ultimate members are citizens of Texas, New York, Connecticut[,] and California." Id. at 1.

## II. Discussion

Before addressing the current motion, the court first sets forth the applicable law regarding diversity jurisdiction. Diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C., 636 F.3d 101, 103 (4th Cir. 2011). For purposes of diversity jurisdiction, the citizenship of a limited liability company turns not on its place of formation or its principal place of business but on the citizenship of all of its members. See id.; see also Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006) (collecting rulings from the courts of appeals).

"[T]he burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). "A party fails to demonstrate diversity jurisdiction, and the court must dismiss the case, where the record does not inform the court of

4

the citizenship of each of the parties." Passport Health, LLC v. Avance Health Sys., Inc., 823 F. App'x 141, 154 (4th Cir. 2020) (citing Clephas v. Fagelson, Shonberger, Payne & Arthur, 719 F.2d 92, 93-94 (4th Cir. 1983)).

Turning to the current motion, the plaintiffs have not specified under what authority the motion is brought. Typically, a motion asserting that a pleading such as a counterclaim, to which a responsive pleading is allowed, requires clarification due to its ambiguity, is brought pursuant to Fed. R. Civ. P. 12(e). However, a Rule 12(e) motion for a more definite statement must be filed prior to the responsive pleading, and the filing of the Rule 12(e) motion suspends the deadline for filing the responsive pleading until after the Rule 12(e) motion is decided. See Fed. R. Civ. P. 12(a)(4), (e).

Here, the plaintiffs not only filed their motion on the same day they filed their answer to the counterclaim but they also filed their motion after filing their answer. See ECF No. 19; ECF No. 22. Thus, if brought pursuant to Rule 12(e), the motion would be untimely, and the court would be hard-pressed to conclude that the counterclaim is so vague and ambiguous that the plaintiffs could not reasonably be required to frame a responsive pleading. See Beery v. Hitachi Home Elecs. (Am.), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993)

5

(denying on these bases a Rule 12(e) motion filed the same day as the answer). Consequently, to the extent the motion is brought under Rule 12(e), it must be denied.

When a Rule 12(e) motion (or something akin to it) is untimely or inappropriate under the circumstances, courts have often reminded the parties that elucidation of the pleading's allegations is normally accomplished through discovery. See Poole v. White, 2 F.R.D. 40, 41 (N.D.W. Va. 1941) ("The great weight of authority is to the effect that bills of particulars should be limited to information necessary to enable the preparation of responsive pleadings, and that other information should be secured by interrogatories or discovery."); 5C Charles Alan Wright et al., Federal Practice and Procedure § 1378 (3d ed. 2020) ("[E]ven if a motion under Rule 12(e) proves to be untimely or inappropriate, the movant should be able to obtain the desired information through the deposition and discovery process.") Indeed, as many courts have noted, Rule 12(e) motions are disfavored precisely because of the liberal pleading and discovery available under the Federal Rules. See, e.g., Frederick v. Koziol, 727 F. Supp. 1019, 1020–21 (E.D. Va. 1990). Here, the clarification the plaintiffs seek regarding the citizenship of the defendant's members is the proper subject of the normal modes of discovery, such as interrogatories, requests

for admission, and depositions.

The remaining question for the court is whether some preliminary discovery on these matters should be ordered. The court concludes that ordering such discovery would not be appropriate because the record at this stage sufficiently informs the court of the parties' members' citizenship. See Passport Health LLC, 823 F. App'x at 153–54; Clephas, 719 F.2d at 93–94. Although the defendant did not identify the citizenship of its members in its answer or counterclaim – and, due its general denial of the plaintiffs' allegations, indicated that its members share citizenship with those of the plaintiffs' members – it has since done so in its Rule 7.1 disclosure, which clarifies that its members do not share citizenship with the plaintiffs' members. See Jaffe-Spindler Co. v. Genesco, Inc., 747 F.2d 253, 255 n.1 (4th Cir. 1984) (noting that defective allegations of diversity jurisdiction in the pleadings may be cured through subsequent representations to the court that amount to "amend[ment] by interlineation"). Although further discovery may demonstrate that diversity is lacking, the current record suffices for the court to exercise its diversity jurisdiction.[3] To the extent the current motion requests the

---

[3] This memorandum opinion and order in no way limits discovery, into the court's subject-matter jurisdiction, which may be pursued in the normal course.

court to order some preliminary discovery on the issue, the court concludes that it is not appropriate to do so.

### III. Conclusion

For the foregoing reasons, it is ORDERED that the plaintiffs' motion for an order directing the defendant to clarify its ownership (ECF No. 22) be, and hereby it is, denied.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: December 21, 2020

John T. Copenhaver, Jr.
Senior United States District Judge