```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**ROCKWELL MINING, LLC and**
**BLACKHAWK LAND AND RESOURCES, LLC,**

      **Plaintiffs,**

**v.**                                **Civil Action No. 2:20-cv-00487**

**POCAHONTAS LAND LLC,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Pocahontas Land LLC's (1) motion to file four exhibits to its motion for partial summary judgment under seal (ECF 104), filed November 22, 2021, and (2) motion to file seven exhibits to its response to plaintiffs' motion for summary judgment under seal (ECF 111), filed December 16, 2021.

I.

As grounds for the subject motions to seal, unaccompanied by any memorandum of law in support thereof, Pocahontas Land asserts that the exhibits attached thereto have been designated as confidential pursuant to a protective order, entered April 29, 2021. As to the four exhibits attached to its first motion to seal, defendant Pocahontas Land notes that the

same have been marked confidential by plaintiffs' counsel. Regarding the seven exhibits attached to its second motion to seal, Pocahontas Land notes that the exhibits have been deemed confidential by both parties.

Pocahontas Land further contends that the exhibits "contain confidential business records and financial information and must remain under seal" and its memorandum in support of its motion for partial summary judgment and response to plaintiffs' motion for summary judgment provide "a description of the information contained in these records, which provides interested parties sufficient information to judge the [c]ourt's work product." ECF Nos. 104, 111. Pocahontas Land asserts that if the parties are unable to come to an agreement respecting the aforementioned exhibits, "the sealing would be indefinite." Id.

Pocahontas Land "incorrectly equates the standard for protective orders, which are intended to facilitate pretrial discovery, with that of judicial orders to seal, which contravene the public's right to access court documents and accordingly demand a greater showing of need." Hurley v. Averitt Exp., Inc., No. 2:11-cv-0624, 2012 WL 4609131, *1 (S.D.W. Va. Oct. 2, 2012) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 254 (4th Cir.1988) ("The reasons for granting a protective order to facilitate pre-trial

2

discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents.")).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." Id.

With regard to the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (quoting In re Knight Publishing Company, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" Virginia Dept. of State Police, 386 F.3d at 575 (quoting Stone v. University

3

of Maryland Medical System Corporation, 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" Id.

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" Virginia Dept. of State Police, 386 F.3d at 576 (quoting Stone, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) (quoting Knight, 743 F.2d at 235).

Pocahontas Land has not made the necessary showing for its two motions to seal. The court observes, however, at least in regard to the four exhibits attached to the first motion and possibly some of those seven exhibits attached to the second, that the privacy interests at stake are not Pocahontas Land's, but those of the plaintiffs. Thus, in the interests of justice, the court directs that either party may seek to make the required showing in

a further sealing request, to be filed no later than April 18, 2022.

## II.

Accordingly, it is ORDERED that the filings at issue remain provisionally sealed. The filings will be unsealed if the parties fail to make the necessary showing to support a sealing order. It is further ORDERED as follows:

1. Either party may submit a revised sealing request, taking into consideration the alternatives to sealing (such as redaction) for those portions of the exhibits for which confidentiality is unnecessary, and bearing in mind that sealing is the infrequent exception and not the rule; and

2. Any revised sealing request be, and hereby is, DIRECTED to be submitted by April 18, 2022.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 8, 2022

John T. Copenhaver, Jr.
Senior United States District Judge

5