IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROCKWELL MINING LLC and
BLACKHAWK LAND AND RESOURCES, LLC,

    Plaintiffs,

v.                                                                            CIVIL ACTION NO. 2:20-cv-00487

POCAHONTAS LAND LLC,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* UNDER *DAUBERT* TO EXCLUDE THE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT WITNESS FRANK SCOTT**

Defendants Pocahontas Land LLC ("Poca Land"), by and through its counsel, responds to *Plaintiff's Motion in Limine under Daubert to Exclude the Testimony of Defendant's Proposed Expert Witness Frank Scott* as follows.

## I.    INTRODUCTION

Rather than presenting a proper challenge to Poca Land's expert Frank Scott, Plaintiffs rehash (and for the most part copy word for word) their previously filed motion for summary judgment under the guise of *Daubert*. This motion is lacking and misguided for the same reasons that their motion to exclude Poca Land's expert Seth Schwartz is defective.

This motion consists of bald allegations that Dr. Scott's opinion is "unreliable and irrelevant," and wholly fails to analyze the *Daubert* factors and legal analysis for the bases and methods of an expert's opinion. (Doc. 124 at 2). In short, Plaintiffs argue that Dr. Scott's opinions

are insufficient evidence of Poca Land's legal claim of unconscionability, which is not a basis to exclude an expert.[1]

## II. LAW AND ARGUMENT

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods," which (3) has been reliably applied "to the facts of the case." Fed. R. Evid. 702. A two-part test governs the admissibility of expert testimony. *Daubert Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The evidence is admitted if it "rests on a reliable foundation and is relevant." *Id.*

As this Court has explained,

> Neither Rule 702 [of the Federal Rules of Evidence] nor case law establish a mechanistic test for determining the reliability of an expert's proffered testimony. Rather, "'the test of reliability is flexible' and 'the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.'" *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999)).

*Good v. Am. Water Works Co., Inc.,* No. CV 2:14-01374, 2016 WL 5441517, at *6 (S.D.W. Va. Sept. 26, 2016).

### A. Plaintiffs' motion echoes their motion for summary judgment, and misstates the law as well as Dr. Scott's opinions.

Although Plaintiffs cite the *Daubert* standard, their legal analysis centers on the requirements for proving unconscionability, rather than whether the expert testimony satisfies the *Daubert* standard. They first walk through the law on unconscionability claims and West Virginia

---

[1] Plaintiffs state in their motion that the legal claims of unconscionability "are frequently addressed, and disposed of . . . pursuant to a *Daubert* motion." Doc. 124 at 3. In support, they cite only *Hampden Coal, LLC v. Varney*, 810 S.E.2d 286, 297 (2018), which reversed a lower court's ruling on a motion to dismiss and does not discuss *Daubert* or motions in limine.

precedent discussing the requirement for both procedural and substantive unconscionability. Doc. 124 at 3-5. Zeroing in on procedural unconscionability, Plaintiffs argue that Poca Land cannot prove procedural unconscionability because both original parties to the 1937 Lease were "sophisticated." Doc. 124 at 5-6. Plaintiffs state that, "to get around these immutable facts," Dr. Scott "attempts" to treat the original lessor and lessee as two entities under a single ownership. *Id*. at 6. Then, Plaintiffs assert—with no authority cited—that "[a]s a legal matter, however, Dr. Scott's assertion of such 'identity' would require that a singular owner have actually possessed and exercised some type of control over" the two parties. *Id.* Plaintiffs conclude that because Dr. Scott does not assert that "any form" of control was present during the 1937 Lease transaction, Poca Land's argument for procedural unconscionability fails. *Id*. at 6-7.

Plaintiffs' chief misunderstanding in this argument is the same one in their motion for summary judgment with respect to procedural unconscionability, which Poca Land refuted in its response. *See* Doc. 110 at 15-16. There is no requirement that Poca Land prove that one party to the Lease be unsophisticated. The procedural unconscionability inquiry looks at the relative positions of the parties at the time the contract was entered into, and it is not a rigid analysis. *See Brown ex rel. Brown v. Genesis Healthcare Corp*. ("*Brown II*"), S.E.2d 250, 285 (2011). This analysis covers a "variety of inadequacies" including "the particular setting existing during the contract formation process." *Id*. Rather than being a flaw in Poca Land's argument for unconscionability, the complex business relationships among and between the two parties to the 1937 Lease is part of the procedural unconscionability analysis.

Plaintiffs also mischaracterize Dr. Scott's testimony when they assert that he forms no opinion as to whether one party controlled the other. To the contrary, the majority of Dr. Scott's opinion is about how the Koppers Company exercised influence over Loup Creek during the

formation of the 1937 Lease. *See* Doc. 110-3-5, 15-22. As Plaintiffs' own expert Mr. Ferguson agreed, one company can have practical control over another without having legal control "depending on the factual situation." *Id.* at 20 (citing Doc. 110-29 (Mark Ferguson Dep. 57:14-22 (Oct. 21, 2021)). Dr. Scott simply analyzes "the factual situation" that was present when the 1937 Lease was executed and opines that one company was indeed exercising practical control over the other. In forming this opinion, Dr. Scott reviewed the corporate history of both parties, their ownership, their demonstrated economic interests, and public records to arrive at his conclusion that there was such a dependence on Koppers that Loup Creek—as a company—had no meaningful choice as to the terms of its Lease. *See* Doc. 110-1 (Expert Report of Dr. Frank Scott at 11).

Plaintiffs' argument that Dr. Scott should be excluded rests on (1) an improper recitation of arguments made in their summary judgment motion, (2) a misunderstanding of the law on procedural unconscionability, and (3) a mischaracterization of Dr. Scott's opinions. For these reasons alone their motion should be denied.

### B. Under the standards applicable to expert witnesses, Dr. Scott's testimony is admissible.

Plaintiffs' *Daubert* motion does not actually examine the *Daubert* factors or the Rules of Evidence. However, a brief application of the *relevant* standards to Dr. Scott's testimony makes clear that his testimony is admissible and Plaintiffs' motion should be denied.

#### 1. An examination of Dr. Scott's expert opinions under the *Daubert* standard favors admission.

Dr. Scott's opinions are admissible because they are relevant and rest on a reliable foundation. *Daubert Merrell Dow Pharm.*, 509 U.S. at 597. Dr. Scott, a Professor of Economics with specialized knowledge of industrial organization, economics, and antitrust, opined on key

issues in this case—the historical background of the parties to the 1937 Lease, their relation to one another, and how this relationship influenced the terms of the 1937 Lease.

### a. Relevance

With respect to relevancy, *Daubert* explains,

> "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. . . . The consideration has been aptly described . . . as one of 'fit.' 'Fit' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes . . . Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."

*Daubert*, 509 U.S. at 591-92. "Rule 702 is broadly interpreted, and helpfulness to the trier of fact is its 'touchstone.'" *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (citing *Friendship Heights Associates v. Koubek*, 785 F.2d 1154, 1159 (4th Cir. 1986)).

Plaintiffs fail to explain how Dr. Scott's opinions are not *relevant* to the facts at issue in this case. In fact, as the pleadings and briefs in this case make clear, Dr. Scott's opinions about the relationships between the parties to the 1937 Lease and the circumstances surrounding the execution of the Lease go to the very heart of Poca Land's counterclaim. As Plaintiffs explain in their motion, the analysis of procedural unconscionability requires some consideration of the circumstances "at the time the contract is made." Doc. 124 at 4 (internal quotations and citation omitted). Expert testimony by an experienced social scientist about the circumstances at the time the contract is made is unquestionably connected to that pertinent inquiry, relevant, and will be helpful to the trier of fact.

### b. Reliability

"Reliability is a 'flexible' inquiry that focuses on 'the principles and methodology' employed by the expert." *Daubert*, 509 U.S. at 594-95. Specifically, district courts must ensure that an expert's opinion is 'based on scientific, technical, or other specialized knowledge and not

5

on belief or speculation.'" *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (quoting *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)).

Both Rule 702 and *Daubert* recognize that one may be qualified as an expert by virtue of his or her knowledge, skill, experience, training, or education. Inasmuch as these qualifying factors are set forth in the disjunctive, the rule means that a witness may qualify as an expert by possession any one or more of these factors, within the sound discretion of the court. *See Kopf*, 993 F.2d at 377 ("The witness' qualifications to render an expert opinion are also liberally judged by Rule 702.").

Plaintiffs do not dispute that Dr. Scott is an expert in his field. And, Plaintiffs do not contend that any methodology or analysis put forth in Dr. Scott's report is unreliable, other than their general disagreement with his opinions. Briefly, Plaintiffs attack Dr. Scott on the basis that Dr. Scott did not review "any direct source material about the discussions or negotiations involved in the [1937 Lease] transaction," but they fail to offer any analysis as to why Dr. Scott's sources are unreliable. (Doc. 124 at 8).

Federal courts have recognized that where historical expertise is relevant to a case, expert opinions that analyze consistent accounts of a historical event, as well as other surrounding events, "is consistent with generally accepted historical methodology" and can be "particularly invaluable." *United States v. Kantengwa*, 781 F.3d 545, 561-62 (1st Cir. 2015) (citing *United States v. Paracha*, 2006 WL 12768, at *20-21 (S.D. N.Y. Jan.3, 2006) (finding historian's method "consist[ing] of gathering multiple sources . . . including original and secondary sources" to reach conclusions about historical facts to be reliable)). The sources Dr. Scott reviewed and analyzed— public records, books, newspaper articles—are consistent with generally accepted historic

methodology. *See* Doc. 110-1 (sources referenced in notes). Dr. Scott's qualifications and methodology are sufficient to satisfy the standards of reliability under Rule 702 and *Daubert.*

    **2.    The Plaintiffs' challenges to Dr. Scott's opinions go to the weight of the evidence and not its admissibility under *Daubert*.**

Plaintiffs' arguments that Dr. Scott's opinions are incorrect, counter to the facts of this case, or do not support a finding of procedural unconscionability should be reserved for cross-examination. At the *Daubert* stage of proceedings, the courts are limited to the issue of admissibility, not the correctness of the opinions or the weight of the evidence. "The court is not obliged to 'determine that the proffered expert testimony is irrefutable or certainly correct'—'[a]s with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Good*, 2016 WL 5441517, at *6 (quoting *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) and *Daubert*, 509 U.S. at 596)).

### III.    CONCLUSION

Again, Plaintiffs' motion to exclude Dr. Scott is simply a restatement of their arguments made in their motion for summary judgment briefing. "These arguments speak to whether [Dr. Scott's] testimony is sufficient evidence . . . to withstand summary judgment, not whether [his] testimony is admissible." *Hendricks v. Physicians Skin & Weight Centers, Inc.*, No. SACV122169AGRNBX, 2014 WL 12561621, at *2 (C.D. Cal. Feb. 24, 2014) (denying motion in limine that rehashed summary judgment arguments).

WHEREFORE, based upon the foregoing discussion, this Court should deny *Plaintiff's Motion in Limine to Exclude Testimony of Defendant's Proposed Expert Witness Frank Scott* as improper and without merit.

POCAHONTAS LAND LLC

By Counsel

*/s/ J. Mark Adkins*
J. Thomas Lane (WVSB #2138)
Charles B. Dollison (WVSB #5499)
J. Mark Adkins (WVSB #7414)
Gabriele Wohl (WVSB #11132)
Zachary J. Rosencrance (WVSB #13040)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25301
(304) 347-1100
tlane@bowlesrice.com
cdollison@bowlesrice.com
madkins@bowlesrice.com
gwohl@bowlesrice.com
zrosencrance@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROCKWELL MINING LLC and
BLACKHAWK LAND AND RESOURCES, LLC,

    Plaintiffs,

v.                                                                              CIVIL ACTION NO. 2:20-cv-00487

POCAHONTAS LAND LLC,

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned, counsel for Pocahontas Land LLC, does hereby certify that on the **18th day of April 2022**, the foregoing ***Pocahontas Land LLC's Response to Plaintiffs' Motion In Limine Under Daubert To Exclude the Testimony Of Defendant's Proposed Expert Witness Frank Scott*** was filed electronically using the Court's CM/ECF system.

                                                                          */s/ J. Mark Adkins*
                                                                          J. Mark Adkins (WVSB #7414)